GEORGE LEWIS *v.* CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 6—225.]

**Injury by Vicious Animal.**
> A city is not liable for damages caused by a vicious dog owned
> by a citizen on account of such city having, for a license fee paid to
> it by the owner, permitted him to keep the dog. Such a license will
> not render the city liable and protect the owner from liability.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 4, 1884.

OPINION BY JUDGE LEWIS:

This is an action by appellant against appellee, the city of Louis-
ville, to recover damages for injury done him by a vicious dog oc-
curring upon a public thoroughfare of that city.

From the allegations of the petition and amended petition, which
must be taken as true, it appears that the dog belonged to one Hick-
man, a resident and taxpayer of the city of Louisville, and was a
dangerous and vicious animal and known by the officers and agents
of the city to be so, and that with such knowledge they did wrong-
fully and recklessly, for the sum of two dollars license, permit
Hickman, the owner, to keep the dog in the limits of the city of
Louisville at the time appellant was bitten and injured.

The license given by appellee to Hickman, the owner of the dog,
is not set forth by appellant in his pleadings so as to enable us to
say that by the terms of it the dog was to be permitted to roam at
large within the city limits. We must therefore presume that the
license given by the city simply permitted the owner, by the pay-
ment of the two dollars tax or license fee, to retain and keep the
dog subject to the duties and liabilities imposed by law upon the
owners of such animals generally, and that it was not intended nor
did it exempt such owner from legal responsibility for any injury
it might do to persons within the city limits.

It is true it is stated in the pleadings of appellant that the agents
and servants of the city harbored and permitted the dog to remain
inside the corporate limits of the city. But we do not think it can
be concluded from the language used by the pleader that it was in-

tended to imply anything more than that, for the consideration of the tax or license fee paid, the owner of the dog was permitted by the city to keep him for the usual purposes for which, and at the usual place at which, the premises of the owner, such animals are lawfully kept. Certainly it can not be inferred that by the terms of the license the city undertook to exempt the owner and assume herself all the liability for injury that might be done to persons and property by the dog.

In our opinion the allegations contained in neither the petition nor amended petition are sufficient to constitute a cause of action against appellee, and the general demurrer was therefore properly sustained. Judgment *affirmed.*

*I. H. Trabue, for appellant.*

*T. L. Burnett, for appellee.*